■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY PETTUS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 30, 1976, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, and the sentence imposed thereon, and the said count is dismissed. As so modified,

judgment affirmed. The three counts in the indictment were based upon a single sale to an undercover officer. On these facts, the defendant could not have sold cocaine without also possessing it. Accordingly, the conviction on the sale count requires reversal of the count charging possession in the seventh degree and dismissal of that count (see CPL 300.40, subd 3, par [b]; *People v Eason,* 59 AD2d 560). The count charging possession in the third degree, however, is not subject to dismissal on these grounds. In *People v Weathersby* (44 NY2d 686, 687), the Court of Appeals held: "Inasmuch as the offenses of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree are both class A-III felonies subject to the same penal sanctions, the former cannot be a lesser inclusory concurrent count with respect to the latter within the meaning of CPL 300.40 (subd 3, par [b]). CPL 300.40 makes provision with respect to lesser and greater counts but not for equivalent counts." Thus, only the conviction for possession in the seventh degree must be reversed. Cohalan, J. P., Margett, Hawkins and O'Connor, JJ., concur.